## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  11-mj-3020 |
| | ) | |
| JOSE MEZA-PEREZ, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

SUE E. MYERSCOUGH, United States District Judge:

This cause is before the Court on Defendant Jose Meza-Perez's Appeal of Magistrate Judge's Finding of Probable Cause (d/e 5).  The Government has filed a response.  For the reasons that follow, the Appeal of Magistrate Judge's Finding of Probable Cause is DENIED.

## I.  BACKGROUND

On May 23, 2011, Defendant was charged in a criminal Complaint with document fraud in violation of 18 U.S.C. § 1546(a).  A four-page affidavit executed by Glen Harrington, a special agent with the U.S.

Department of Homeland Security, Immigration, and Customs Enforcement (ICE),  supported the Complaint and the application for a warrant to arrest Defendant.

On May 25, 2011, Defendant made his initial appearance with the benefit of an interpreter.   United States Magistrate Judge Byron G. Cudmore advised Defendant of his rights, the charge against him, the potential penalties, and appointed counsel for Defendant.  Defendant stipulated to detention.  Judge Cudmore proceeded to a preliminary hearing.  The Government proffered the affidavit.  The Government also asked Judge Cudmore to take judicial notice of his earlier finding of probable cause, and Judge Cudmore did so.  Defendant called Agent Harrington to testify.

The affidavit and the testimony at the hearing provided the following.  On May 22, 2011, during a traffic stop, Defendant presented an I-94 admission document as identification.  According to Mr. Harrington's testimony, an I-94 document is a record issued as evidence of a foreigner's arrival and departure from the county.  An I-94 can also

be used as evidence of an authorized stay in the United States.

The I-94 at issue herein had upon it Defendant's photograph and administrative number 045136129. That administration number was not assigned to Defendant but was assigned to a different person, who is currently a legal permanent resident.

The I-94 also contained red-stamped lettering across the face of the document and picture. The red-stamped lettering read: "PROCESSED FOR 1-551[1] TEMPORARY EVIDENCE OF LAWFUL ADMISSION FOR PERMANENT RESIDENCE VALID UNTIL (15-DEC-2000) EMPLOYMENT AUTHORIZED." Agent Harrington explained that an I-551 is a lawful permanent resident card. However, when people initially come into the United States as immigrants, the government officials do not have the facilities for issuing the lawful permanent resident card at the border. Therefore, the officials will stamp the lettering described above on the I-94 entry document and put the date it is valid until to cover the time until the immigrant receives their "real

---

[1] Agent Harrington testified that the "1" should be an "I" but at the time, the stamps were mismarked.

card."

The affidavit further provided that on May 23, 2011, after receiving his warnings pursuant to <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), Defendant stated he had purchased the card from someone in Matamoras, Mexico. Defendant stated he did not use the I-94 to cross the border or for any other benefit.

Judge Cudmore reaffirmed the previous finding of probable cause.

## II. STANDARD OF REVIEW

Where, as here, a defendant is charged by complaint, the magistrate judge must conduct a preliminary hearing, unless the defendant waives the hearing. <u>See</u> Fed.R.Crim.P. 5.1(a). "If the magistrate judge finds probable cause to believe an offense has been committed and the defendant committed it, the magistrate judge must promptly require the defendant to appear for further proceedings." Fed.R.Crim.P. 5.1(e). If the magistrate judge does not find probable cause, the judge must dismiss the complaint and discharge the defendant. Fed.R.Crim.P. 5.1(f). "Probable cause has been defined as facts and circumstances sufficient to

warrant a prudent man in believing that the [suspect] had committed or was committing an offense." United States v. Rodriguez 460 F.Supp.2d 902, 906 (S.D. Ind. 2006) (internal citations omitted).

The parties did not provide this Court with authority regarding the appropriate standard of review. Because this Court reviews Judge Cudmore's determination that the affidavit and testimony showed probable cause to believe an offense was committed and Defendant committed the offense, this Court will not reverse that finding unless it is clearly erroneous. See, e.g., United States v. Curtis, 237 F.3d 598, 603 (6th Cir. 2001) (applying the clearly erroneous standard to a probable cause finding in a revocation case); 28 U.S.C. § 636(b)(1)(A) and Fed.R.Crim.P. 59(a)(standard of review of nondispositive matters is the clearly erroneous or contrary to law standard).

## III. ANALYSIS

The statute under which Defendant was charged, 18 U.S.C. § 1546(a) provides, in relevant part, as follows:

> Whoever knowingly forges, counterfeits, alters, or falsely makes any immigrant or nonimmigrant visa, permit, border

crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, <u>or</u> utters, uses, attempts to use, <u>possesses</u>, <u>obtains</u>, <u>accepts</u>, or <u>receives</u> <u>any</u> <u>such</u> visa, permit, border crossing card, alien registration receipt card, or other <u>document</u> <u>prescribed</u> <u>by</u> <u>statute</u> <u>or</u> <u>regulation</u> <u>for</u> <u>entry</u> <u>into</u> <u>or</u> <u>as</u> <u>evidence</u> <u>of</u> <u>authorized</u> <u>stay</u> <u>or</u> <u>employment</u> <u>in</u> <u>the</u> <u>United</u> <u>States</u>, <u>knowing</u> <u>it</u> <u>to</u> <u>be</u> <u>forged</u>, counterfeited, altered, <u>or</u> <u>falsely</u> <u>made</u>, or to have been procured by means of any false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained . . . Shall be fined under this title or  imprisoned not more than . . . 10 years (in the case of the first or second such offense . . . or both.

18 U.S.C. § 1546(a).  Here, the elements of the offense are that (1) Defendant uttered, used, or possessed a document; (2) the document was prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States; and (3) Defendant knew the document was forged or falsely made.  <u>See</u> <u>United States v.</u> <u>Ryan-Webster</u>, 353 F.3d 353, 360 n. 11 (4th Cir. 2003).

Defendant challenges the second element.  Defendant admits "the [C]omplaint and testimony showed that Defendant uttered, used, attempted to use, possessed, obtained, accepted, or received the I-94

document, and circumstantially knew it was procured by fraud based upon how he obtained it." Defendant argues, however, that the I-94 document is not a document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States because it expired over ten years ago. Defendant argues that had the document been modified to appear current–i.e., had the expiration date been changed–then probable cause to believe that Defendant committed an offense under § 1546(a) would exist.

The facts and circumstances thus far presented are sufficient for a prudent person to believe Defendant had committed or was committing the offense. The statute requires that the fraudulent document be a "document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States" 18 U.S.C. § 1546(a). At the hearing, Agent Harrington testified that an I-94 document can be used as evidence of an authorized stay in the United States. See also 8 C.F.R. § 264.1(a) (listing I-94 documents as proscribed registration forms); 8 C.F.R. § 264.1(h) (providing that an I-94

document "appropriately endorsed, may be issued as temporary evidence of registration and lawful admission for permanent residence).  Whether the document in question must itself be (1) sufficient to obtain entry into the United States or (2) sufficient evidence of an authorized stay or employment is more appropriately addressed in a motion to dismiss. Based on the evidence presented, Judge Cudmore's finding of probable cause was not clearly erroneous.

## IV.  CONCLUSION

For the reasons stated, Defendant's Appeal of Magistrate Judge's Finding of Probable Cause (d/e 5) is DENIED.

IT IS SO ORDERED.

ENTER: June 23, 2011

FOR THE COURT:

s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE